Cortland A. Johnson, J.
Although the moving papers are defective in many respects it clearly appears that the notice of the meeting held on November 17, 1958 was not given in conformance with the applicable statute.
A notice of a meeting for the purpose of electing directors was mailed on November 12, 1958 by the respondent owners of 50% of the stock. Presumably that notice was given under the authority of section 2 of the by-laws of the corporation. An examination of said section 2, however, reveals that the meeting therein provided for was to be called by the president after a request in writing by the owners of 50% of the stock, or by the majority of the directors. Here there was no president and there were no directors when the notice was mailed. It is the petitioner’s contention that at least 10 days’ notice of the meeting was to be given in accordance with section 45 of the Stock Corporation Law, but that section applies only to notices which are issued by the president, vice-president, secretary or assistant secretary. The meeting here was called by none of those officers. The only statute applicable to such situation is section 22 of the General Corporation Law which provides in part: ‘ ‘ if there be a failure to elect directors * * * a member may call a meeting for the election of directors by publishing a notice of the time and place of holding such meeting at least once in each of two successive weeks immediately preceding the election * * * and by delivering or mailing to each member, at his last known post-office address, a copy of such notice at least two weeks before the meeting. ’ ’ (Matter of Bloch v. Gershman, 272 App. Div. 218.)
As the notice here was not published or mailed in accordance with section 22 of the General Corporation Law, the election of November 17 is declared void and all actions of the officers elected at that meeting are set aside as unauthorized. If the members consent, the court will fix a date for another election but absent such consent the respondents must follow the procedure stated in the aforesaid section 22.
Settle order on notice.